**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**PATRICK E. LIGON,**

    Petitioner,

v.                                     **Case No. 4:15cv587-MW/CAS**

**JULIE L. JONES, Secretary,
Florida Department of Corrections,**

    Respondent.
                           /

## REPORT AND RECOMMENDATION

On November 23, 2015, Petitioner Patrick E. Ligon, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He challenges his judgment and sentence entered November 6, 2013, by the Second Judicial Circuit, Leon County, Florida, following a jury trial. *Id*.; *see* ECF No. 5, 9. On September 8, 2016, Respondent filed an answer to the § 2254 petition, with exhibits. ECF No. 17.

On or about October 13, 2016, Petitioner filed a letter with this Court, asking the Court "to hold" the proceedings in his case because he has "come across new information" while preparing a reply to Respondent's answer and has "mailed out a 3.850 with this new information." ECF No. 19. He did not explain the "new information," attach a copy of his Rule

3.850 motion, or indicate which of the two grounds in his § 2254 petition his new information concerns. *See id.* By order on February 6, 2017, this Court explained the foregoing and, further, that to the extent Petitioner had requested a stay of the proceedings, he had cited no authority for the request. ECF No. 20. The Court further explained that, pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005), a stay is available only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court; (2) the unexhausted claims are "potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Because Petitioner had not alleged or demonstrated that he met any of these three requirements, this Court denied Petitioner's request. ECF No. 20. The Court allowed Petitioner until March 8, 2017, to file a reply to Respondent's answer. *Id.*

On March 7, 2017, Petitioner filed a motion requesting a 60-day extension of time to file a reply to Respondent's answer. ECF No. 21. This Court granted the motion, allowing Petitioner until May 8, 2017, to file a reply. ECF No. 22.

Instead of filing a reply, however, on May 5, 2017, Petitioner has filed

a "Motion of Dismissal," requesting this Court dismiss his § 2254 petition. ECF No. 23. Petitioner explains he has a Rule 3.850 motion for post-conviction relief pending in the state courts, he "added several more grounds that were not presented in his federal habeas corpus" petition, he is pro se and is unable to obtain the Respondent's position, and "[t]his request is not made for purpose of unnecessary delay, is made in good faith, and should not unduly prejudice the rights of Petitioner." *Id.*

Because Respondent has already served an answer, this case may not be dismissed at Petitioner's request except by order of the Court. *See* Fed. R. Civ. P. 41(a)(2). In particular, Federal Rule of Civil Procedure 41(a)(2) allows for the voluntary dismissal of an action "by court order, on terms that the court considers proper." Petitioner Ligon may dismiss his action, but he should be aware that such dismissal may foreclose future federal habeas review of his conviction.

Specifically, Petitioner is cautioned that, under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A).[1] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, from the information in Ligon's petition and the State's response, Ligon filed a direct appeal of his state court judgment and sentence, and the First DCA affirmed his case in a per curiam decision without an opinion issued September 29, 2014. Ex. F. Thus, his one-year AEDPA limitation period began to run on Monday, December 29, 2014. *See, e.g.*, Bond v. Moore, 309 F.3d 770 (11th Cir. 2002) (holding that AEDPA limitations period did not begin to run until 90-day window closed for petitioning U.S. Supreme Court for writ of certiorari). Absent

[1]Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

tolling activity, the one-year AEDPA limitations period ended one year later, on December 29, 2015.  *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

    Petitioner Ligon filed his federal habeas petition by mailbox rule on November 23, 2015, within his one-year AEDPA limitations period.  ECF No. 1.  It is not clear from the information provided in this case thus far how much time, if any, Ligon had left in his AEDPA limitations period when he began state post-conviction proceedings.  **The filing of his federal habeas petition does not toll the AEDPA limitations period, and a dismissal of the federal petition without prejudice does not excuse a petitioner from the one-year limitations period**.  *See, e.g.,* Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  *See also, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely

filed petition in state court only tolls the time remaining within the federal limitation period.").

## Recommendation

Because Petitioner has specifically requested this case be dismissed, it is therefore respectfully **RECOMMENDED** that the Court **GRANT** Petitioner's motion (ECF No. 23) and this action be **DISMISSED without prejudice**, unless Petitioner Ligon requests to withdraw the motion within the time allowed for objections to this Report and Recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on May 15, 2017.

> S/ Charles A. Stampelos
> CHARLES A. STAMPELOS
> UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**